UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ALPHIE PHILLIP MCKINNEY, )
 )
        Petitioner, )
 )
v. ) Case No. 17-CV-0653-CVE-FHM
 )
RAYMOND BYRD, Warden,[1] )
 )
        Respondent. )

## OPINION AND ORDER

Now before the Court is respondent's motion to dismiss (Dkt. # 10) petitioner's 28 U.S.C. § 2254 habeas petition (Dkt. # 1).

### I.

On August 19, 2013, Alphie Phillip McKinney (petitioner) was convicted of various drug charges following a jury trial in Tulsa County District Court, Case No. CF-12-791. The charges include: (a) Count I: trafficking in illegal drugs (cocaine) after conviction of a felony in violation of OKLA. STAT. TIT. 63, § 2-415; (b) Counts II, III, and V: possession of controlled dangerous substances (methylone, marijuana, and alprazolam, respectively) after conviction of a felony in violation of OKLA. STAT. TIT. 63, § 2-402; (c) Count IV: possession of a controlled dangerous substance without a tax stamp after conviction of a felony in violation of OKLA. STAT. TIT. 68, § 450.1; and (e) Count VI: possession of drug paraphernalia in violation of OKLA. STAT. TIT. 63, §

---

[1] Petitioner is currently incarcerated at Cimarron Correctional Facility (CCF) in Cushing, Oklahoma. See Dkt. # 1. Raymond Byrd, CCF's warden, is therefore substituted in place of Joe Allbaugh as party respondent. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. The Clerk of Court shall note the substitution on the record.

2-405. See Dkt. # 11-1, at 1. The state court sentenced petitioner to 32 years imprisonment. Id. at 1-2.

Petitioner timely appealed. On December 17, 2014, the Oklahoma Court of Criminal Appeals (OCCA) affirmed, with the exception of Counts III and V. See Dkt. # 11-1, at 11. The OCCA reversed and remanded those convictions (Counts III and V) with instructions to dismiss. Id. The state court dismissed Counts III and V on December 30, 2014. See Case No. CF-12-791, docket text entered 12-30-2014 and titled "CTFREE."[2] Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

On October 21, 2016, petitioner filed an application for post-conviction relief in Tulsa County District Court. See Dkt.# 11-2. The state court denied the application on April 10, 2017. See Dkt. # 11-3 at 9. Petitioner appealed, and the OCCA affirmed on August 29, 2017. See Dkt. # 11-4.

Petitioner filed his 28 U.S.C. § 2254 habeas petition on December 6, 2017. See Dkt. # 1. In the section addressing timeliness of the petition, petitioner entered "N/A." Id. at 13. On February 8, 2018, respondent filed a motion to dismiss (Dkt. # 10) and supporting brief (Dkt. # 11). Respondent contends that petitioner's petition is time-barred under 28 U.S.C. § 2244(d). Petitioner filed a response (Dkt. # 12), and no reply has been filed. The matter is now fully briefed.

---

[2] The Court takes judicial notice of the state court criminal docket. See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand").

**II.**

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitation period for habeas corpus petitions. See 28 U.S.C. § 2244(d). The limitation period generally begins to run from the date on which a prisoner's conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a properly filed state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Application of § 2244(d) in this case shows that the petition was not filed within the one-year limitation period. The challenged convictions were affirmed on December 17, 2014, and became final on March 17, 2015, when the "ninety-day time period for filing a certiorari petition with the United States Supreme Court expired."[3] Harris v. Dinwiddie, 642 F.3d 902, 906 n. 6 (10th Cir. 2011). See also Locke v. Saffle, 237 F.3d 1269, 1271 (10th Cir. 2001) ("[F]or purposes of § 2244(d)(1)(A) the judgment is not final and the one-year limitation period for filing for federal post-conviction relief does not begin to run until . . . after the time for filing a petition for certiorari with the Supreme Court has passed.") (quotations omitted). The one-year limitation period therefore

---

[3] Even if the Court were to account for the December 30, 2014 dismissal and remand - and there is no authority supporting this calculation method - the convictions would have become final on March 30, 2015, and the petition would still be untimely.

3

expired no later than March 18, 2016. Petitioner filed his federal habeas petition a year and a half later, on December 6, 2017.

In his motion to dismiss, respondent identified (and refuted) three potential avenues for tolling of this case: statutory tolling under § 2244(d)(2); equitable tolling; and the exception for actual innocence. After reviewing the record and petitioner's response, the Court agrees that none of those avenues applies. Petitioner's October 21, 2016 state habeas petition does not warrant tolling under § 2244(d)(2) because it was filed after the one-year period expired. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("A collateral petition filed in state court after the limitations has expired no longer serves to toll the statute of limitations."). Further, petitioner's 34-page response brief does not demonstrate other grounds for tolling. Like the petition, the response includes one conclusory sentence stating "I filed my motion in a timely fashion," see Dkt. # 12, at 6, and addresses various alleged constitutional defects in the criminal proceeding. See Dkt. # 12, at 8-34. It is well established that a petitioner "must show that he can satisfy the procedural requirements of . . . AEDPA" before the Court will "address[] the merits of his claim." U.S. v. Greer, 881 F.3d 1241, 1244 (10th Cir. 2018). Therefore, the petition must be dismissed as untimely.

**III.**

Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the dismissal is based on procedural grounds, the petitioner must also

show that reasonable jurists would find the ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2001). For the reasons discussed above, reasonable jurists would not debate that the petition is untimely, and the Court will deny a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note the substitution of Raymond Byrd, Warden, in place of Joe Allbaugh, Warden, as party respondent.

2. Respondent's motion to dismiss (Dkt. # 10) is **granted**, and petitioner's petition for a writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice as time-barred.**

3. A certificate of appealability is **denied**.

4. A separate judgment will be entered herewith.

**DATED** this 21st day of June, 2018.

*[Signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE